UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARDELL PARHAM,

        Petitioner,

        v.                                  CAUSE NO. 3:25-CV-640-CCB-SJF

WARDEN,

        Respondent.

## OPINION AND ORDER

Cardell Parham, a prisoner without a lawyer, filed a habeas petition challenging

a disciplinary decision (IYC 23-8-3180) at the Plainfield Correctional Facility in which a

disciplinary hearing officer (DHO) found him guilty of possessing a weapon in

violation of Indiana Department of Correction Offense 106. Following a hearing, he was

sanctioned with the loss of one hundred eighty days earned credit time and a demotion

in credit class.

The Warden argues that Parham cannot proceed on this habeas petition because

he did not properly exhaust his administrative remedies. Generally, State prisoners

must exhaust available State court remedies to obtain habeas relief in federal court. 28

U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by

prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is

satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82

(7th Cir. 2002).

Under the departmental disciplinary policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. ECF 16-11 at 55-57. If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated by the department commissioner. *Id.* According to the affidavit of an Appeal Review Officer, the records maintained by the Indiana Department of Correction reflect that Parham submitted an appeal at the facility level but did not submit an appeal at the departmental level. ECF 16-8; ECF 16-12.

Parham replies that "IDOC adjectment [sic] committee rule and ARB interal [sic] process state the second level appeal can be skipped if offender was moved which the petitioner was to I.S.P. or if the Warden didn't respond within 30 days, which he didn't it was 78 days." ECF 25 at 2. However, Parham did not provide the documents to which he refers, nor has he provided a citation or website that would allow the court to locate them on its own. The departmental disciplinary policy submitted by the Warden supports only the proposition that the Warden should respond to facility-level appeals within 30 days. ECF 16-11 at 56. To Parham's point, the Warden's response was several weeks late, but nothing in the departmental disciplinary policy suggests that the Warden's failure to satisfy this deadline terminates the appeal process. ECF 16-8. Nor can the court find that the delay rendered the administrative appeal process unavailable given that he received the appeal response and that it did not deprive him of his ability to submit an appeal at the departmental level.

Therefore, the court finds that Parham did not exhaust administrative remedies with respect to this claim. Nevertheless, the court will consider the merits of the claims

2

for the sake of completeness. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Parham asserts that, on August 23, 2023, the hearing officer sanctioned him with the loss of 180 days earned credit time when he had only 97 days of accrued earned credit time. According to Parham, in June 2024 and in September 2024, the Indiana Department of Correction vacated the sanctions in other prison disciplinary proceedings in response to Parham's habeas petition filed in the United States District Court for the Southern District of Indiana. The vacatur of these sanctions restored 210 days of earned credit time. Following this restoration, the Indiana Department of Correction applied the loss-of-earned-credit-time sanction by deducting 180 days of earned credit time.

Based on these facts, Parham argues that he is entitled to habeas relief because prison officials cannot sanction him with a loss of earned credit time that he did not have at the time of the hearing. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Koo v. McBride,* 124 F.3d 869, 875 (7th Cir. 1997). "However, we shall review a petitioner's showing "that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair." *Id.* "A sentence violates the Constitution if it is extreme and grossly disproportionate to the crime." *Id.* Federal courts should generally defer to the State officials' interpretation of State law. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020).

3

Parham's specific concern is that sanctioning him with a loss of earned credit time that he did not have at the time of the hearing exceeds the prison officials' authority as set forth in the departmental disciplinary policy. The policy defines possessing a weapon as a Class A offense and it provides that the maximum sanction for Class A offenses in terms of lost earned credit time is six months without further specification relevant to Parham's claim. ECF 16-10 at 1-3; ECF 16-11 at 42-43. The Warden represents that prison officials must be able to sanction prisoners with no earned credit time with the loss of earned credit time because loss of earned credit time is a powerful deterrent against prisoner misconduct that they must be able to wield even against prisoners with no earned credit time. ECF 16 at 13-14.

Significantly, the disciplinary sanction here was not imposed in a manner that would have extended the maximum length of his court-ordered criminal sentence. The court finds that, under these circumstances, the language in the policy at least arguably supports the manner in which Parham's loss of earned credit time sanction was imposed. Affording the necessary deference to State officials in interpretating State law, the court cannot find that prison officials exceeded their authority under State law by imposing such sanctions.

Parham is adamant that sanctioning him with the loss of earned credit time that he did not have at the time of the hearing violates his constitutional right to procedural due process, but he identifies no specific procedural protection that he did not receive in connection with the disciplinary decision. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018) ("The two elements of a procedural due process claim are (1)

deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation."). He also asserts that the sanction violates his right to equal protection under the law, but he identifies no similarly situated individual who was treated differently. *See Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 945 (7th Cir. 2009) ("In an equal protection claim, the challenger must prove that he or she was treated disparately from those similarly situated. This necessarily requires a challenger to introduce evidence of similarly situated persons."). Consequently, the court cannot grant habeas relief on this claim. Because no other claims remain, the court will dismiss the habeas petition.

Because Parham has not exhausted administrative remedies and because he has not asserted a valid claim for habeas relief, the habeas petition is denied. If Parham wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the habeas corpus petition (ECF 2);

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Cardell Parham leave to proceed *in forma pauperis* on appeal.

SO ORDERED on June 30, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT